UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSCOE BENTON, III,

    Plaintiff,

v.                                        Case No. 21-11594

CHERRY HEALTH COMMUNITY
TREATMENT CENTER, et al.,

    Defendants,
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT, AND DENYING MOTION FOR EMERGENCY RELIEF**

Before the court is Plaintiff Roscoe Benton III's *pro se* civil rights complaint. Plaintiff is a federal prisoner who was recently placed in a residential reentry program at Cherry Health Community Treatment Center in Detroit, Michigan. The court has reviewed the relevant filings and for the reasons stated below, the court grants Plaintiff's request to proceed *in forma pauperis*, but will dismiss Plaintiff's complaint for a failure to state a claim on which relief can be granted, and denies Plaintiff's emergency motion for relief.

**I. Background**

Plaintiff is currently residing at the Cherry Health Community Treatment Center in Detroit, Michigan which Plaintiff refers to as a halfway house. (ECF No. 3, PageID.5.) In July 2021, he filed the present complaint against Cherry Health, two of its employees, and the United States of America. According to its website, Cherry Health is a private non-profit organization that operates several facilities throughout the state of Michigan. Cherry Health, *About*, https://www.cherryhealth.org/about/ (last visited Sept. 1, 2021). In

2016, Plaintiff was convicted in the United States District Court for the Eastern District of Michigan of several counts of bankruptcy fraud and was sentenced to 48 months in prison and three years of supervised release. *See United States v. Benton,* No. 4:14-cr-20082 (E.D. Mich.).[1] It is unclear from the record why Plaintiff is currently being housed at the facility—it is likely a condition of his supervised release—but Plaintiff alleges that "he is still in [the] custody of the Attorney General." (ECF No. 3, PageID.5.)

Plaintiff claims that Defendants have denied him social passes to leave the facility because he refuses to take a COVID-19 vaccination. (ECF No. 1, PageID.1.) Plaintiff claims that the lack of social passes is preventing him from seeing his wife, so he "is being tortured for exercising his right to decline medical treatment." (*Id.*, PageID.2.) Plaintiff has now also filed a motion he entitles an "Emergency Motion for Relief." (*See* ECF No. 3.)

## II. DISCUSSION

### A. Plaintiff can proceed *in forma pauperis*

All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). Plaintiff has filed an application to proceed *in forma pauperis* with the requisite information. Accordingly, the Court will grant the application to proceed *in forma pauperis.*

---

[1] **Error! Main Document Only.**The court obtained this information from the records of the United States District Court for the Eastern District of Michigan and takes judicial notice of this information. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

### B. Plaintiff's complaint will be dismissed

The court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). This screening process also applies to complaints brought by both prisoners and non-prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis either in law or in fact. *Id.* at 612.

An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 (1989). A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir.2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if [ ]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79). In applying these standards, the court must read the plaintiff's *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992). Applying this standard, the court finds that Plaintiff has failed to state a claim against any defendant.

Plaintiff's complaint cites no explicit statute or constitutional right as the basis for his claim. However, since Plaintiff alleges he is being "tortured" and "denied his human rights," while incarcerated, the court will construe this as an Eighth Amendment claim. (*See* ECF No. 1, PageID.2.) The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). To prevail on a claim that conditions of confinement violate the Eighth Amendment, a plaintiff must meet two requirements: (1) the deprivation alleged must objectively be "'sufficiently serious,'" and (2) the "prison official must have a 'sufficiently culpable state of mind,'" such as "deliberate indifference" to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). Plaintiff's complaint falls well short of the first requirement.

Plaintiff is not alleging that his halfway house is requiring vaccination; he only contends that his decision to forego vaccination means he is not being granted passes to leave the facility for social purposes. (*See* ECF No. 1, PageID.2.) "In the context of an Eighth Amendment challenge to precautions taken by a federal prison in the face of the COVID-19 pandemic, the Sixth Circuit has held that COVID-19 poses a substantial risk of serious harm to prison inmates, given the substantial risk of contagion to those housed in close-contact situations, such as prisons, as well as the serious risks to health and life when the disease is contracted." *Wilcox v. Lancour*, No. 2:20-CV-183, 2021 WL 230113, at * 8 (W.D. Mich. Jan. 22, 2021) (*citing Wilson v. Williams*, 961 F.3d

4

829, 840 (6th Cir. 2020)). Defendant's policy of not granting social passes clearly is not a "sufficiently serious" deprivation. In *Overton v. Bazzetta*, for instance, the Supreme Court held that a Michigan prison's "restriction on visitation for inmates with two substance-abuse violations" did not violate the Eighth Amendment. 539 U.S. 126, 136-37 (2003) ("This [policy] is not a dramatic departure from accepted standards for conditions of confinement."). Defendants have a legitimate interest in reducing the spread of COVID-19 within their facility by requiring that detainees be vaccinated against COVID-19 as a prerequisite to obtaining a social pass. The policy is obviously meant to reduce the odds that the virus is brought back to the facility and then spread among those living and working inside. Indeed, compared to the weeks-long lockdowns and other onerous restrictions aimed at stemming the spread of COVID-19 that have been imposed at many correctional facilities during the last eighteen months,[2] the social pass restriction imposed by Defendants is relatively minor.

### III.  Conclusion

The court finds Plaintiff's claim is without merit. The court therefore denies his motion for emergency relief, and will dismiss the case *sua sponte* for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Because the complaint lacks any arguable basis in the law, the court also certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (*citing* 28 U.S.C. § 1915(a)). Accordingly,

---

[2]  *See, e.g.*, Conrad Wilson*, Federal inmates in Oregon report alarming health conditions as pandemic continues*, Oregon Public Broadcasting (Aug. 18, 2021, 9:00 AM), https://www.opb.org/article/2021/08/18/oregon-federal-prison-covid-19-pandemic-sheridan-correctional-facility/ (noting that due to COVID-19 outbreaks have meant that inmates around the country have been subject to lockdowns "for many days in a row, or with extremely limited opportunity for outdoor exercise or recreation").

IT IS ORDERED that Plaintiff's civil rights complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

IT IS ORDERED that Plaintiff's "Motion for Emergency Relief" (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED AND CERTIFIED by the court that any appeal taken by Plaintiff would not be done in good faith.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Staff Attorney\21-11594.BENTON.MotionForEmergencyRelief.DB.AAB.docx